

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# John Degrazia v. FBI

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"John Degrazia v. FBI" (2009). *2009 Decisions*. Paper 1748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3301
_____

JOHN SEBASTIAN DEGRAZIA,
                                    Appellant

v.

FEDERAL BUREAU OF INVESTIGATION, THE;
DEPARTMENT OF DEFENSE, THE

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-01009)
District Judge:  Honorable Mary L. Cooper

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2009

Before: RENDELL, HARDIMAN and ROTH, Circuit Judges

(Filed: March 12, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

    John DeGrazia, a litigant proceeding pro se, filed an action against the Federal

Bureau of Investigation and Department of Defense alleging that, at the age of four, he

was the victim of a government-run, Nazi-designed genetic experiment which caused his body to combine with reptile DNA, and that he has since experienced harmful side effects which pose a threat to others. DeGrazia paid the filing fee for his complaint. The District Court dismissed DeGrazia's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of a decision made pursuant to Rule 12(b)(6) is plenary. See Umland v. PLANCO Fin. Servs., 542 F.3d 59, 63 (3d Cir. 2008). We may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court liberally construed DeGrazia's pro se complaint, but concluded that it is frivolous because it relies on "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989). However, the standard for dismissal of a complaint as "frivolous" under the in forma pauperis statute, as articulated in Neitzke, does not apply to DeGrazia's complaint because he paid the filing fees and did not proceed in forma pauperis. See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 & n.10 (3d Cir. 2002). Rule 12(b)(6), the basis for the District Court's dismissal of DeGrazia's complaint, merely "authorizes a court to dismiss a claim on the basis of a dispositive issue of law," Neitzke, 490 U.S. at 326. It "does not countenance [] dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." Id. at 327.

2

Nevertheless, we conclude that dismissal was appropriate. A federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). There is no question that DeGrazia's claims meet this standard, as they rely on fantastic scenarios lacking any arguable factual basis. On appeal, DeGrazia's sole argument is that the matter should be remanded to the District Court because the order and opinion dismissing his case was the product of undue influence exerted by attorneys for the Appellees. This alleged conspiracy – which DeGrazia offers no credible evidence to support – only serves to bolster the District Court's conclusion. Because the appeal does not present a substantial question, we will affirm the decision of the District Court. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. The motion to remand is denied.

3